UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR ALMEIDA, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>APPLE, INC.,<br><br>          Defendant. | Case No.  21-cv-07109-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 20 |

The motion to dismiss is granted with leave to amend.[1] The plaintiffs have conceded their warranty claims, and their remaining claims are plagued with deficiencies.

Preliminarily, the plaintiffs have not specified which state's law applies to their common-law claims, and both parties have cited only California caselaw in discussing other states' consumer protection laws. Because the parties appear to have tacitly agreed that those claims are governed by the same principles as the California claims, the Court will adjudicate them under California caselaw. *See In re Hyundai and Kia Fuel Economy Litigation*, 926 F.3d 539, 561 (9th Cir. 2019) (en banc). The one exception is the unjust enrichment claim, which the plaintiffs appear to consider under different states' laws in their opposition brief.

The plaintiffs' claims for equitable relief are dismissed. The complaint does not attempt to allege that the plaintiffs lack an adequate remedy at law nor does it allege a theory that differs in any meaningful way from the plaintiffs' claim for damages. *See Sonner v. Premier Nutrition*

---

[1] The defendants have not requested that the Court take judicial notice of the exhibits attached to the Singh declaration. Regardless, the Court has not considered them, as they relate to the warranty claims that have been conceded.

*Corporation*, 971 F.3d 834, 844 (9th Cir. 2020); *Cepelak v. HP Inc.*, 2021 WL 5298022, at *2–3 (N.D. Cal. Nov. 15, 2021).

With the possible exception of the negligent misrepresentation claim, the plaintiffs' remaining claims are based in fraud and must meet the requirements of Rule 9(b). They have not surmounted that hurdle to plead reliance on false or misleading statements or omissions. The complaint alleges a litany of misrepresentations and omissions, but it does not allege with particularity which marketing materials each plaintiff relied upon and when or whether the plaintiffs would have seen the information about the defect, had it been disclosed. *See Lusson v. Apple, Inc.*, 2016 WL 10932723, at *2 (N.D. Cal. June 20, 2016); *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015).

The affirmative misrepresentation claims suffer from an additional defect: the plaintiffs have not identified actionable statements that are false or misleading. Apple's advertisements that the laptops are "[d]esigned to last," "durable," and the like are non-actionable puffery. *See Davidson v. Apple, Inc.*, 2017 WL 3149305, at *11 (N.D. Cal. July 25, 2017). The same is true of Apple's vague descriptions of the laptops' display capabilities ("lifelike colors," "better picture," and the like). The only actionable statements the plaintiffs plead are not statements they allege to be false. The plaintiffs do not contest, for example, that the laptops' graphics are not "up to 5x faster, the biggest leap ever for MacBook Air" or that the laptops do not have 18 hours of battery life, "the longest ever on a MacBook Air." Merely alleging that such features are not available to them because their laptop stopped working entirely is not sufficient to state an affirmative misrepresentation claim.

The Ninth Circuit has not yet decided whether negligent misrepresentation claims are subject to Rule 9(b)'s heightened pleading standard. But even if the claim is merely subject to Rule 8's lower pleading standard, the plaintiffs have failed to state a claim. As explained previously, they have not alleged any actionable misrepresentations or reliance on those misrepresentations.

Finally, although the complaint must be dismissed for the reasons already given, other

aspects leave much to be desired. For example, the complaint is unclear (at best) whether the problems the plaintiffs experienced with their laptops stemmed from the same defect. *See Sciacca v. Apple, Inc.*, 362 F. Supp. 3d 787, 797–98 (N.D. Cal. 2019). Some plaintiffs allege that their screen cracked, which led to various display issues. Others allege that their laptop had various display issues *before* their screens began to crack. And still others allege that their screens displayed colorful squares and then stopped working, without any mention of their screens cracking. The plaintiffs also bought two different products—the M1 MacBook Air and the M1 MacBook Pro. The only manufacturing commonality between them the complaint appears to allege is the M1 chip, which, at first blush, has little connection to the alleged problems the plaintiffs experienced. The complaint leaves the reader wondering whether the problems it describes are connected or just a laundry list of unrelated (or marginally related) issues.

   An amended complaint is due within 21 days. Even if not mentioned in this order, the plaintiffs should carefully consider the arguments raised in the defendant's motion to dismiss when redrafting the complaint.

   **IT IS SO ORDERED.**

Dated: May 13, 2022

_____
VINCE CHHABRIA
United States District Judge