UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR ALMEIDA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>APPLE, INC.,<br><br>        Defendant. | Case No. 21-cv-07109-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 60 |

The motion to dismiss is granted in part and denied in part. This order assumes the parties' familiarity with the facts of the case and the relevant law.

The Second Amended Complaint adequately alleges the existence of a defect. The assessment by Dr. Niebuhr, coupled with the alleged widespread occurrence of display issues, plausibly suggest that the aluminum that houses the display in the M1 MacBooks is too thin to resist torque and prevent it from being transferred to the display. The allegations regarding the thinness of the display suggest also that the display itself is inordinately vulnerable to fracture and related issues, which compounds the problem. The Second Amended Complaint also adequately alleges causation: given the alleged inability of the display and its aluminum casing to adequately withstand torque, it's no wonder the plaintiffs' displays cracked, blacked out, or otherwise malfunctioned.

In a prior ruling, the Court concluded that the plaintiffs had failed to allege any actionable misrepresentations by Apple. *See* Dkt. No. 40. The Second Amended Complaint alleges no new or different misrepresentations. Thus, any claim based on a theory of affirmative or even negligent misrepresentation is dismissed with prejudice. For the same reason, any omission-

based claim premised on a partial-representation theory is dismissed with prejudice.[1]

That leaves the equitable-relief claims and any omission-based claims premised on the theory that Apple's superior knowledge gave rise to a duty to disclose. *See Rose v. HP Inc.*, No. 20-cv-2450, 2020 WL 7714532, at *1 (N.D. Cal. Dec. 29, 2020). At the hearing for Apple's previous motion to dismiss, the Court expressed doubt as to whether the plaintiffs had adequately alleged Apple's pre-sale knowledge of the defect, and the plaintiffs sought (and received) leave to amend. *See* Dkt. No. 58 at 9–10.

The latest iteration of the complaint adequately alleges Apple's pre-sale knowledge. The complaint contains robust and detailed allegations regarding Apple's pre-release testing, which would have revealed the alleged defect because it included torsion tests, pressure tests, and other durability tests designed to evaluate the ability of laptops to withstand the twists and torque of ordinary use. The plaintiffs bolster the inference of pre-sale knowledge with a sampling of online user complaints, including over thirty new complaints added since the last motion to dismiss. Many of these complaints pre-date the plaintiffs' purchase dates, with some dating as far back as November 2020, when the M1 MacBooks were released.

But even those complaints that post-date the plaintiffs' purchases support the inference—at least when combined with the pre-release testing allegations—that Apple was on notice of the defect at the time the plaintiffs purchased their laptops: if ordinary use by consumers so readily revealed the defect, surely Apple's targeted testing did too. *See Taleshpour v. Apple, Inc.*, No. 20-cv-3122, 2021 WL 1197494, at *11 (N.D. Cal. Mar. 30, 2021). The motion to dismiss is therefore denied as to omission-based claims premised on Apple's failure to disclose the defect despite its superior knowledge.

The motion to dismiss is also denied as to the plaintiffs' claims for equitable relief. In support of their request for an order requiring Apple to disclose the alleged defect, the plaintiffs allege that they intend to purchase Apple's laptops again in the future, including the M1

---

[1] If discovery on the surviving claims reveals evidence to support the fraud-based claims, the plaintiffs can seek leave to amend the complaint.

MacBooks. These allegations suffice for purposes of Article III standing to pursue injunctive relief. *See Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956, 966–70 (9th Cir. 2018).

Apple argues that the plaintiffs' claims for monetary equitable relief fail because the plaintiffs have not alleged that legal remedies would be inadequate. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *Cepelak v. HP Inc.*, No. 20-cv-2450, 2021 WL 5298022, at *2–3 (N.D. Cal. Nov. 15, 2021). While the plaintiffs' allegations on this point are not models of clarity or concreteness, they sufficiently suggest that restitution could cover the cost of a new replacement laptop plus the cost of repairs while damages might amount to less than the full purchase price.

Apple's remaining arguments about the plaintiffs' quasi-contract claim likewise fail. "[T]he fact that unjust enrichment allegations are 'duplicative of or superfluous to…other claims…is not grounds for dismissal.'" *Lusson*, 2016 WL 10932723, at *3 (quoting *Astiana v. Hain Celestial Grp.*, 783 F.3d 753, 762 (9th Cir. 2015)).[2] And while "[a]n action based on…quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter," it is far from clear at this juncture whether such a contract exists here. *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014).

Apple reaches back to the plaintiffs' initial complaint, which raised in the alternative a breach-of-contract claim based on Apple's Limited Warranty. *See* Dkt. No. 17. But that claim has since been dropped. Moreover, taking judicial notice of the Limited Warranty (which is referenced several times in the Second Amended Complaint) makes Apple's argument less, not more, persuasive. The Warranty covers Apple products against "defects in materials and

---

[2] The *LeBrun* decision is not to the contrary. There, the California Court of Appeal affirmed the dismissal of an unjust-enrichment claim because it was duplicative of a fraud claim that the plaintiffs could not maintain because they had not timely raised it. *See LeBrun v. CBS Television Studios, Inc.*, 68 Cal. App. 5th 199, 212 (2021). Under those circumstances, the court reasoned that "justice [did] not require" that the plaintiffs be allowed to effectively repackage a fraud claim that they were barred from bringing. *See id.* Those circumstances are not present here, and nothing else in *LeBrun* suggests that plaintiffs cannot bring quasi-contract claims as alternatives to fraud claims based on the same facts and legal theories. *See Lusson*, 2016 WL 10932723, at *3; *Astiana*, 783 F.3d at 762.

workmanship when used normally." Dkt. Nos. 17 at 40; 20-2 at 2. There is at least an argument that such a warranty does not apply to design defects, and so it would not be appropriate at this early stage to dismiss the quasi-contract claim as barred by the Warranty. *See Davidson v. Apple, Inc.*, No. 16-cv-4942, 2017 WL 976048, at *11–12 (N.D. Cal. Mar. 14, 2017).

In sum, the only remaining claims are those omission-based claims premised on a duty to disclose (arising from Apple's superior knowledge) and the claims for equitable relief. Apple's Answer to the Second Amended Complaint is due within 14 days of this order. A Case Management Conference is set for March 24, 2023, at 10:00 a.m. via Zoom. The Case Management Statement is due by March 17, 2023.

**IT IS SO ORDERED.**

Dated: March 1, 2023

VINCE CHHABRIA
United States District Judge