**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ltfisher@bursor.com
          ndeckant@bursor.com


**MIGLIACCIO & RATHOD LLP**
Nicholas A. Migliaccio (*pro hac vice*)
Jason S. Rathod (*pro hac vice*)
412 H Street, NE
Washington, D.C. 20002
Telephone: (202) 470-3520
Facsimile:  (202) 800-2730
Email: nmigliaccio@classlawdc.com
          jrathod@classlawdc.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR ALMEIDA, et al.,<br><br>                         Plaintiffs,<br><br>     v.<br><br>APPLE INC.,<br><br>                         Defendant. | Case No. 3:21-cv-07109-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**<br><br>Date:  March 24, 2023<br>Time: 10:00 a.m.<br>Hon. Vince Chhabria |

1    Pursuant to the Standing Order for All Judges of the Northern District of California and Civil

2    Local Rule 16-9 and this Court's March 1, 2023 Order Granting in Part and Denying in Part Motion

3    to Dismiss dated March 1, 2023 (Doc. 67) (the "MTD Order"), the parties to the above-entitled action

4    jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER in

5    advance of the Case Management Conference set for March 24, 2023.

6    **1.    Jurisdiction & Service**

7    Defendant has been served. Plaintiffs are unaware of any issues concerning personal

8    jurisdiction or venue.  Plaintiffs' position is that this Court has subject matter jurisdiction over this

9    action under 28 U.S.C. § 1332(d)(2)(A). Venue is proper in this judicial district pursuant to 28 U.S.C.

10    § 1391, and all parties have been served. The parties agree that there are no issues with personal

11    jurisdiction at this time; nor are there any issues with service of process.

12    **2.    Facts**

13    **A.    Plaintiffs' Statement**

14    This case arises from a defect in the M1 MacBook Air and M1 MacBook Pro sold by

15    Defendant Apple Inc. ("Apple" or "Defendant").  The M1 MacBook Air and M1 MacBook Pro

16    (collectively the "M1 MacBooks" or "MacBooks") suffer from a defect that goes to their core

17    functionality.  Namely, the aluminum that houses the display in the M1 MacBooks is too thin to

18    resist torque and prevent it from being transferred to the display, causing the M1 MacBooks' display

19    to "crack and to blotch during regular use free of user interference." *See* MTD Order at 1; *see also*

20    SAC, ¶ 1.  Consumers who have attempted to secure replacements or repairs have been rebuffed by

21    Apple, as Apple has routinely refused to repair the MacBooks without charge.  *Id.*, ¶ 2.

22    Worse, Apple has long known of the Defect and has continued to sell the MacBooks, despite

23    its knowledge of the Defect stemming from at least nine independent sources, including (1) its own

24    extensive quality control measures and internal pre-release testing; (2) thousands of user complaints

25    reporting the Defect and resulting symptoms directly to Apple (and major service providers, such as

26    Best Buy), which would have alerted Apple to the Defect) in-person, over the phone, and via online

27    submissions; (3) other teams at Apple, including but not limited to, field quality engineers,

28

monitoring product qualify and performance both before and after product release; (4) online reputation management; (5) complaints posted online and on its own forums; (6) Apple's deletion of several of these complaints; (7) articles written on the topic by reputable publications; (8) Apple's August 27, 2021 public statements on the Defect; and (9) Apple's June 2020 patent application for the MacBooks' display. *See* SAC, ¶¶ 112-185.

Accordingly, Plaintiffs brought numerous claims in the SAC against Apple individually and on behalf of a class of all others similarly situated. In its MTD Order, the Court found that "any claim based on a theory of affirmative or even negligent misrepresentation is dismissed with prejudice." MTD Order at 1. Additionally, the Court dismissed "any omission-based claim premised on a partial representation theory" with prejudice, thereby denying Apple's motion to dismiss as to Plaintiffs' "equitable-relief claims and any omission-based claims premised on the theory that Apple's superior knowledge gave rise to a duty to disclose." *Id*. at 1-2.

### B.    Defendant's Statement

Apple denies the foregoing characterization of the facts and Plaintiffs' claims in their entirety. Plaintiffs are twelve purchasers of either M1 MacBook Air or M1 MacBook Pro notebook computers who allege that they experienced cracking, blacking out, magenta, purple and blue lines and squares, or other issues with the glass displays of their devices.  Based on a few online complaints and speculative allegations concerning other forms of knowledge, Plaintiffs have cobbled together a conclusory tale of consumer fraud. Plaintiffs' assertions regarding Apple's pre-release testing are not only baseless, but Apple's service records will in fact show a low rate of display cracks in the M1 MacBooks and that testing performed both pre- and post-release did not reveal any defect like the one Plaintiffs allege. Plaintiffs will thus be unable to use discovery to try to come up with a theory as to how the M1 MacBooks are allegedly defective.  Further, whether display cracks or the other issues Plaintiffs allege were subject to warranty coverage or were the result of excluded damage (such as user abuse) is an individualized inquiry requiring inspection of the consumer's device. Plaintiffs are not entitled to any relief.

**3.**   <u>**Legal Issues**</u>

    **A.**   **Plaintiffs' Statement**

Plaintiffs submit that the following legal issues are relevant to this action:

- Whether the M1 MacBooks contain the alleged Defect;

- Whether the M1 MacBooks were defective at the time of sale;

- Whether the alleged Defect substantially impairs the value of the M1 MacBooks;

- Whether (and when) Apple knew of the alleged Defect, but continued to promote and sell the M1 MacBooks, without disclosing the alleged Defect and its resulting impact on the M MacBooks and purchasing consumers;

- Whether a reasonable consumer would consider the alleged Defect and its consequences important to the decision of whether to purchase an M1 MacBook;

- Whether Apple acted unlawfully, unfairly, and/or fraudulently in violation of the state consumer protection laws identified in Plaintiffs' operative complaint;

- Whether California law applies to Plaintiffs' claims and those of the proposed class;

- Whether Plaintiffs' claims are maintainable as a class action, including on a nationwide basis;

- Whether Plaintiffs and proposed Class members overpaid for their M1 MacBooks as a result of the alleged Defect; and

- Whether Plaintiffs and proposed Class members are entitled to damages, other monetary relief, or equitable relief, including restitution and injunctive relief.

    **B.**   **Defendant's Statement**

Defendant submits that the following legal issues are relevant to this action:

- Whether the defect alleged by Plaintiffs in their complaint is actionable, and whether the alleged defect is in fact a defect under applicable law;

- Whether the alleged defect is common across all M1 MacBook devices and, if not, which M1 MacBook Devices contain the alleged defect;

- Whether the M1 MacBook Pro and M1 MacBook Air are substantially similar such that these two different products can be susceptible to a single alleged defect;

- Whether each Plaintiff and putative class member experienced the alleged defect and, if so, when;

- Whether Plaintiffs and the putative class members can state actionable omission claims if the alleged defect manifested after the applicable warranty period;

- Whether the issues Plaintiffs and each putative class member allegedly experienced with their M1 MacBooks are traceable to the alleged defect as opposed to other causes, such as damage resulting from accident or user abuse;

- For each putative class member who experienced the alleged defect, whether Apple repaired their M1 MacBook pursuant to the Limited Warranty or any extended coverage under AppleCare+;

- Whether Apple's alleged omissions relating to the alleged defect were untrue, misleading, or likely to deceive;

- Whether the manifestation of the alleged defect was sufficiently high to be material to Plaintiffs and putative class members;

- Whether Plaintiffs can establish any violations of the state deceptive trade act statutes still at issue in this action;

- Whether Apple knew about the alleged defect at the time of sale to each Plaintiff and putative class member, and whether that knowledge was "superior" so as to give rise to a duty to disclose the alleged defect;

- Whether the economic loss doctrine bars Plaintiffs' common law tort claims;

- Whether the existence of a contractual relationship precludes a claim for unjust enrichment;

- Whether Plaintiffs can establish an inadequate remedy at law as necessary for a federal court sitting in diversity to have jurisdiction over their claims for equitable relief;

- Whether Plaintiffs can establish an ongoing or imminent harm as required to have standing to seek prospective injunctive relief;

- Whether Plaintiffs and the class members are entitled to equitable relief, including restitution and injunctive relief, or to damages, and if so, in what amount;

- Whether purchasers of the M1 MacBook Pro and M1 MacBook Air—two different products—can be members of the same purported classes; and

- Whether the proposed action can be maintained as a class action under Rule 23, including on a nationwide or multi-state basis; and if so, whether the proposed classes are overbroad or otherwise properly defined.

**4.** **Motions**

Plaintiffs filed a motion to relate this case with *Pareas* on September 24, 2021 (ECF No. 10), of which Apple filed a response in support on September 28, 2021 (ECF No. 11). The Court granted that motion on September 28, 2021 (ECF No. 12).

Apple filed a Motion to Dismiss on December 17, 2021 (ECF No. 20) pursuant to rules 12(b)(1), 12(b)(6), 8, and 9(b).  Plaintiffs filed their Opposition on January 28, 2022 (ECF No. 21); and Apple filed a Reply in support of its Motion to Dismiss on February 18, 2022 (ECF No. 22). On May 13, 2022, the Court granted Apple's Motion to Dismiss, and Plaintiffs were given leave to amend. (ECF No. 40).

Plaintiffs filed their First Amended Consolidated Class Action Complaint (the "FAC") on June 17, 2022 (ECF No. 43). Apple filed its Motion to Dismiss on July 15, 2022 (ECF No. 46), Plaintiffs filed their Opposition on August 12, 2022 (ECF No. 48), and Apple filed a Reply in support of its Motion to Dismiss on September 2, 2022 (ECF No. 50). Following the hearing on Defendant's Motion to Dismiss the FAC, the Court granted Plaintiffs leave to file a second amended complaint to more adequately address Apple's knowledge of a defect at the time of sale and denied Apple's MTD as moot.

Plaintiffs filed their Second Amended Consolidated Class Action Complaint ("SAC") on October 21, 2022 (ECF No. 59). Apple filed a Motion to Dismiss the SAC on November 14, 2022 (ECF No. 60), Plaintiffs filed an Opposition on November 28, 2022 (ECF 61), and Apple field a reply in support of its Motion to Dismiss on December 5, 2022. Apple's Motion to Dismiss the SAC was granted in part and denied in part pursuant to the Court's March 1, 2023 Order (ECF No. 67). Pursuant to the MTD Order, Apple filed its Answer on March 15, 2023.

Plaintiffs anticipate moving for class certification by no later than nine months after Apple's Answer. Apple plans to oppose Plaintiffs' motion for class certification, and reserves its rights to file other dispositive motions, including for summary judgment. The parties may also file discovery-related motions, if necessary.

**5.** **Amendment Of Pleadings**

Plaintiffs have no present intent to amend their pleadings.

Based on the Court's standing order, the deadline for amended pleadings should be sixty (60) days following the Case Management Conference.

Apple filed its Answer to the SAC on March 15, 2023.

**6.** **Evidence Preservation**

The parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps necessary to preserve evidence relevant to the issues reasonably evident in this action.

The parties have met and conferred regarding a joint protective order and ESI protocol and will submit a joint protective order and ESI protocol by April 14, 2023.

Plaintiffs expect that Apple has and will continue to preserve all documents, data, and information concerning the design development, and/or testing of the M1 MacBooks; all documents concerning the advertising, labeling, marketing, and sale of the M1 MacBooks; all documents concerning communications with purchasers of the M1 MacBooks; all communications with third parties concerning the alleged Defect; all documents concerning total revenue derived from the M1 MacBooks; all documents concerning complaints and warranty service data concerning the alleged Defect; all documents related to Apple's internal communications regarding the alleged Defect; all documents concerning Apple's remediation efforts pertaining to the alleged Defect; and insurance documents pertaining to the M1 MacBooks.

**7.** **Disclosures**

The parties exchanged initial disclosures on March 15, 2022.

**8.** **Discovery**

**A.  Identified Discovery Disputes**

The parties are not aware of any discovery disputes at this time. Plaintiffs served their Requests for Production (Set One) on March 8, 2022. Apple served its Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents on April 7, 2022.

**B.  Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**

**i.    Written Discovery and Oral Depositions**

Each side may serve up to twenty-five (25) written interrogatories.  The parties reserve the right to serve additional written interrogatories by stipulation or by motion if such discovery becomes necessary during the course of discovery.  Apple further notes that each of the named Plaintiffs should answer all interrogatories that Apple propounds.

Apple requires additional depositions to enable it to depose, at the very least, all named plaintiffs.  Apple requests sixteen (16) depositions, one for each named plaintiff and three additional depositions reserved for other witnesses.  Plaintiffs should be bound by the usual limit of ten (10) fact depositions.  The parties reserve the right to take additional depositions by stipulation or by motion if additional depositions are necessary and proportionate.

**ii.    Disclosure of Expert Testimony**

The parties propose that class certification expert reports shall be due along with the Plaintiffs' motion for class certification and Apple's opposition thereto.  *See infra* Section 17.

**iii.    Service of Discovery**

The parties agree to accept service of discovery and discovery responses by email.

**iv.    Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a).**

No changes are necessary; the parties exchanged Initial Disclosures on March 15, 2022.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

v.    **Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.**

The parties will meet and confer regarding a discovery schedule and whether discovery should be conducted in phases.  The parties anticipate that they will seek discovery regarding the subjects listed below.

**Plaintiffs' position.**  Plaintiffs anticipate seeking discovery regarding, among other things, the following: (1) all labeling, advertisement, and marketing of the M1 MacBooks; (2) all information concerning the design development, and/or testing of the M1 MacBooks; (3) sales data for the M1 MacBooks, including the total number of units sold and total amount of money generated from the sales of the M1 MacBooks; (4) all communications with customers concerning complaints related to the M1 MacBooks Defect as alleged in the SAC; (5) all communications with third parties concerning the alleged Defect; (6) all repair orders and data relating to the M1 MacBooks' display; (7) all documents concerning complaints and warranty service data concerning the alleged Defect; (8) all of Apple's internal communications regarding the alleged Defect; (9) all documents concerning Apple's remediation efforts with respect to the alleged Defect; (10) all insurance documents covering the M1 MacBooks; and (11) any affirmative defenses Defendant may raise.

**Defendant's position.**  Apple anticipates that the discovery it will seek includes:  (1) the circumstances of Plaintiffs' purchases of their M1 MacBooks; (2) purported reliance on alleged omissions by Apple regarding the alleged Defect; (3) the circumstances of Plaintiffs' use of their M1 MacBooks prior to and after the emergence of the alleged defect; (4) any repairs or service performed on Plaintiffs' M1 MacBooks and the timing of the same; (5) whether Plaintiffs' claims are typical of the claims of other putative class members; and (6) whether common questions of fact or law predominate over individual inquiries.  Apple further anticipates that it will seek to inspect Plaintiffs' devices to evaluate the allegations in the SAC regarding the issues each purported class member allegedly experienced.  Apple proposed and Plaintiffs agreed that the parties will meet and confer regarding an appropriate protocol for delivery and inspection of their M1 MacBooks.

  **vi.**  **Rule 26(f)(3)(C): Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

  The parties do not anticipate any issues relating to discovery of ESI. They agree to meet and confer regarding any such issues in the event they arise and to ensure that production of such documents occurs in a practical manner that minimizes the burden and expense to the parties.

  **vii.** **Rule 26(f)(3)(D): Any issues relating to claims of privilege or of protection as to trial-preparation material, including — if the parties agree on a procedure to assert such claims after production — whether to ask the court to include their agreement in an order.**

  The parties do not anticipate any issues relating to claims of privilege or protection as to trial-preparation material. The parties agree to meet and confer regarding the appropriate scope, content, and form for the privilege log. The parties will comply with Fed. R. Civ. P. 26(b)(5) with regard to inadvertent disclosures.

  **viii.**  **Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules, and what other limitations should be imposed.**

  As noted above, Apple seeks a modest increase in the number of depositions to enable it to depose all named plaintiffs and to reserve three depositions for other witnesses, and an order specifying that the interrogatories propounded by Apple must be answered by each named plaintiff.

  **ix.**  **Rule 26(f)(3)(F): Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).**

  The parties are in the process of negotiating a protective order. Other than a protective order, the parties do not currently request any additional orders under Rule 26(c) or Rule 16(b)-(c).

  **C.**  **Discovery And Class Certification Schedule**

  *See infra* Section 17, Scheduling.

**9.** **Class Actions**

    **A.** **Plaintiffs' Statement**

This action is being brought and is maintainable as a class action under Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and/or (b)(3) on behalf of all persons within the United States who purchased, other than for resale, a model year 2020 or later M1 MacBook Air or M1 MacBook Pro.

Plaintiffs propose the following schedule for the class certification motion:

(1) Plaintiffs will file their motion for class certification on January 17, 2024;

(2) Defendant will file its opposition to class certification on March 20, 2024;

(3) Plaintiffs will file their reply in support of class certification on April 30, 2024.

This proposal assumes that discovery is carried out promptly. Counsel have reviewed the Procedural Guidance for Class Action Settlements.

    **B.** **Defendant's Statement**

Apple disputes that this action is maintainable on a class-wide basis.

**10.** **Related Cases**

The parties are unaware of any related cases.

**11.** **Relief**

Plaintiffs seek compensatory damages and/or restitution, injunctive relief, and reasonable attorneys' fees, costs, and expenses.

Apple's position is that Plaintiffs are not entitled to any relief, this action cannot be maintained on a class-wide basis, and that the entire action should be dismissed with prejudice. Apple reserves the right to seek attorneys' fees, costs, and expenses where recoverable by a defendant under the state deceptive trade act statutes.

**12.** **Settlement and ADR**

The parties agree that private mediation is the appropriate form of ADR in this case if the parties are unable to reach a settlement on their own. The parties have had initial discussions about the possibility of an early private mediation and may request a short stay of discovery in order to facilitate such a mediation.

13. **Consent to Magistrate Judge for All Purposes**

The parties decline to have a magistrate judge conduct all further proceedings.

14. **Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**

The parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

16. **Expedited Trial Procedure**

The parties do not believe this case is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

17. **Scheduling**

The parties respectfully submit that they will be in a better position to propose a pre-trial schedule after resolution of Plaintiffs' anticipated motion for class certification. The Court's decision on class certification will impact other pre-trial events, such as class notice, interlocutory appeals, and whether dispositive motions or trial will be directed at individual or class-wide claims. Therefore, the parties propose that the Court schedule a case management conference within thirty (30) days after it issues an order on Plaintiffs' motion for class certification and require the parties to meet and confer regarding the remainder of the pre-trial schedule at that time. This proposal is consistent with schedules approved by other courts in this District adjudicating class actions.[1]

Should the Court wish to proceed with setting a more complete schedule, the parties propose the following:

---

[1] *See, e.g., In re Bang Energy Drink Marketing Litig.*, N.D. Cal. Case No. 4:18-cv-05758-JST (Dkt. No. 41); *Pecanha v. Hain Celestial Grp.*, Case No. 17-cv-4517-EMC (Doc. No. 49); *Morris v. SolarCity Corp.*, Case No. 3:15-cv-05107-RS (Doc. No. 57); *Deaver v. BBVA Compass Consulting & Benefits et al.*, Case No. 3:13-cv-00222-JSC (Dkt. Nos. 63, 65).

| Scheduled Event | Joint Proposed Schedule[2] |
|---|---|
| Deadline to file a motion to amend the pleadings or add parties | May 22, 2023 |
| Deadline to File Motion for Class Certification and Class Certification Expert Reports | January 17, 2024 |
| Deadline to File Class Certification Opposition Brief and Opposing Class Certification Expert Reports | March 20, 2024 |
| Deadline to File Class Certification Reply and Reply Class Certification Expert Reports | April 30, 2024 |
| Deadline to Complete Court-Sponsored Mediation | May 17, 2024 |
| Deadline to File Mediation Status Report | May 24, 2024 |
| Class Certification Hearing | June 6, 2024 at 10:00 a.m. |
| Close of Fact Discovery | Six (6) months after ruling on Class Certification. |
| Opening Merits Expert Reports Due | Seven (7) months after ruling on Class Certification. |
| Rebuttal Merits Expert Reports Due | Nine (9) months after ruling on Class Certification. |
| Close of Expert Discovery | Ten (10) months after ruling on Class Certification. |
| Last Day to File Dispositive Motions (one per side in the entire case) | Eleven (11) months after ruling on Class Certification. |
| Hearing on Dispositive Motions | Thirteen (13) months after ruling on Class Certification. |
| Final Pretrial Conference | Sixteen (16) months after ruling on Class Certification. |
| Jury/Bench Trial | One (1) week after Final Pretrial Conference. |
| Length of Trial | [] days |

---

[2] The proposed schedule is roughly in alignment with what the Court adopted in *Lusson v. Apple*, No. 3:16-cv-00705-VC, ECF Nos. 66, 67.

**18.**    <u>**Trial**</u>

Plaintiffs request a jury trial.  At this time, the parties believe it is premature to determine a trial duration because the outcome of Plaintiffs' anticipated motion for class certification will likely impact the timing and duration of trial.

**19.**    <u>**Disclosure of Non-Party Interested Entities or Persons**</u>

The parties do not believe any non-party entities or persons have an interest in this case.

**20.**    <u>**Professional Conduct**</u>

Counsel for the parties reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.**    <u>**Other Matters**</u>

The parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.


Dated:  March 17, 2023                                    Respectfully submitted,

                                                          **BURSOR & FISHER, P.A.**

                                                          By:____*/s/ L. Timothy Fisher*_____
                                                                     L. Timothy Fisher

                                                          L. Timothy Fisher (State Bar No. 191626)
                                                          Neal J. Deckant (State Bar No. 322946)
                                                          1990 North California Boulevard, Suite 940
                                                          Walnut Creek, CA 94596
                                                          Telephone:  (925) 300-4455
                                                          Facsimile:   (925) 407-2700
                                                          E-Mail:  ltfisher@bursor.com
                                                                        ndeckant@bursor.com

                                                          **MIGLIACCIO & RATHOD LLP**
                                                          Nicholas A. Migliaccio (*pro hac vice*)
                                                          Jason S. Rathod (*pro hac vice*)
                                                          412 H Street, NE
                                                          Washington, D.C. 20002
                                                          Telephone: (202) 470-3520
                                                          Facsimile: (202) 800-2730
                                                          Email: nmigliaccio@classlawdc.com
                                                                        jrathod@classlawdc.com

                                                          *Attorneys for Plaintiffs*

Dated:  March 17, 2023                              Respectfully submitted,

                                                    **WEIL, GOTSHAL & MANGES LLP**

                                                    By:_____*/s/ David R. Singh*_____
                                                               David R. Singh

                                                    David R. Singh (Bar No. 300840)
                                                    David.Singh@weil.com
                                                    Morgan D. MacBride (Bar No. 301248)
                                                    Morgan.MacBride@weil.com
                                                    201 Redwood Shores Parkway
                                                    Redwood Shores, CA 94065-1134
                                                    Telephone: (650)  802-3000
                                                    Facsimile:  (650) 802-3100

                                                    *Attorneys for Defendant Apple Inc.*


                              **SIGNATURE ATTESTATION**

        Pursuant to Civil L.R. 5-1(h)(3), the filer of this document attests that all signatories have

concurred in its filing.

DATED: March 17, 2023                              By: *_/s/ L. Timothy Fisher_____*
                                                            L. Timothy Fisher

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
Honorable Vince Chhabria
United States District Judge