**FILED**

May 01 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NESTOR ALMEIDA, individually and on behalf of all others similarly situated,<br><br>　　　Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>　　　Defendant.<br>_____<br>DAPHNE PAREAS and DANIEL FRIEND, on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>v.<br><br>APPLE INC.,<br><br>　　　Defendant. | Lead Case No. 3:21-cv-07109-VC<br><br>Consolidated with No. 3:21-cv-07112-VC<br><br>[~~PROPOSED~~] **AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**<br><br>Dept.:　Courtroom 4 – 17th Floor<br>Judge: Honorable Vince Chhabria |

1.　　<u>PURPOSES AND LIMITATIONS</u>

　　　Plaintiffs and Defendant Apple Inc. ("Defendant," and collectively with Plaintiffs, the "Parties") anticipate that disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, trade secret, commercially sensitive, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Protective Order Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using such information. Pursuant to Paragraph 24 of the Court's Civil Standing Order, this proposed Order is based on the standard model order for the Northern

District; attached hereto as Exhibit A is a redline indicating where this Order deviates from the Northern District's model order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Protected Material designated under the terms of this Protective Order shall be used solely by a Receiving Party for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

2. <u>DEFINITIONS</u>

2.1. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2. <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3. <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5. <u>Disclosure or Discovery Material</u>: all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent

to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is: (a) not a past or current officer, director, or employee of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a competitor of a Party; and (b) not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a competitor of a Party.

2.7.     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8.     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9.     Outside Counsel of Record: (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

2.10.    Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs). "Party," however, does not include any members of the putative class(es) other than the named plaintiffs in this action (Daniel Friend, Daphne Pareas, Scott Seveland, Patrice Sherman, Nestor Almeida, Magdala Casimir, Adelina Lavecchia, Dan Henderson, Maritza Angeles, Tim Inselmann, William West-Davis, Patricia Medberry, and Azara Colindrez). Should additional pleadings naming additional individuals as named plaintiffs be filed, such individually named plaintiffs will also be included within the definition of "Party" for purposes of this Order.

2.11.    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12.    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13.    Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

2.14.    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or in other settings that might reveal Protected Material.

However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

In addition, nothing in this Order shall (i) prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Party from showing Protected Material to an individual who prepared the Protected Material; (ii) be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court; (iii) be construed to alter the legal burden of proof or persuasion under applicable law in a motion brought by any Party related to discovery, confidentiality of Protected Material, or the

4

interpretation of this Order, consistent with the section of this Order entitled "Challenging Confidentiality Designations."

This Order is entered without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. For a period of six (6) months after final disposition of this litigation, the Court shall retain jurisdiction to enforce the terms of this Order.

5.      DESIGNATING PROTECTED MATERIAL

5.1.     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>for native files</u>: Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators or metadata information indicating whether the file contains "CONFIDENTIAL" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition or in a court proceeding, the party printing the

electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  If, during any deposition, a party asks questions regarding a .tiff, .pdf, or other image format version of a document produced in native file format, the other party may object on the record to the authenticity of the image.  After the deposition, if the other party discovers that the image does not accurately reflect the information contained in the native file, that party shall notify the questioning party of the discrepancy between the image and native files, and the Parties shall meet and confer in good faith to confirm the existence of the discrepancy.  If any discrepancy exists between the image and native file, the line of questioning concerning the image shall be inadmissible for all purposes, including impeachment.  If the image accurately reflects the information contained in the native file, no further action shall be taken.  No Party shall seek to use at trial in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered.  However, a party seeking to use a native file as an attachment or exhibit to a motion or other court filing need not first provide a copy of the image format version to the Producing Party for inspection.

(c) for depositions and testimony, that the Designating Party identify on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non- confidential.  Any Protected Material that is used in the taking

of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(d) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."

5.3.   Inadvertent Failures to Designate. If timely corrected within thirty (30) days of discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain with particularity the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at

any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge or the challenge is withdrawn in writing.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1.      (a) Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and may not use such Protected Material for any other purpose, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

(b) Secure Storage: Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

(c) Legal Advice Based on Protected Material: Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole

or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

(d) <u>Limitations</u>: Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.2.  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information, including but not limited to trade secrets, pricing information, financial data, sales information, sales or marketing forecasts, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure

is reasonably necessary for this litigation, provided the disclosure is only to the extent necessary to perform such work; and provided that: (i) such expert has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1, as set forth in Section 7.3 *infra*; and (ii) such expert accesses the materials in the United States only, and does not transport them to or access them from any foreign (*i.e.*, outside the United States) jurisdiction (unless such material originated from or are produced from any such foreign jurisdiction; moreover, the Parties agree to meet and confer over potential alterations to this Protective Order as reasonably necessary to enable the parties to take testimony on technical matters in a foreign jurisdiction);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain the confidentiality to the same degree as required by this order; and

(i) any other person with the prior written consent of the Producing Party.

7.3.   Procedure for Disclosure of "CONFIDENTIAL" Information or Items to Experts: Before any "CONFIDENTIAL" information, or substance or summary thereof, shall be disclosed to an Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant

Acknowledge of Confidentiality and Agreement to be Bound by Protective Order," attached as Exhibit A-1, confirming that he or she is not presently employed by, or providing any form of consulting services to, any competitor of any Party, and that he or she will not accept employment with, consult with, or provide services to, any competitor of any Party during the pendency of these proceedings. An Expert may make an application to the Court with advance notice and based upon a showing of good cause for modification of, or relief from, the obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-1) prior to the review of any "CONFIDENTIAL" information.

8.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material –

and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected

Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

Material to any person or in any circumstance not authorized under this Protective Order, the

Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

this Order, and (d) request such person or persons to execute the "Acknowledgment and

Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
       MATERIAL

    11.1.    Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production

by a Party of Discovery Material subject to the attorney-client privilege, work product doctrine,

or any other applicable privilege or protection, despite the Producing Party's reasonable efforts

to pre-screen such Discovery Material prior to production, will not waive the applicable

privilege and/or protection in this case or in any other federal or state proceeding.  For example,

the mere production of a privileged or work product protected document in this case as part of a

production is not itself a waiver.  Nothing in this Order shall be interpreted to require disclosure

of irrelevant information or relevant information protected by the attorney-client privilege, work

product doctrine, or any other applicable privilege or immunity.  The Parties do not waive any

objections as to the production, discoverability, admissibility, or confidentiality of documents

and electronically stored information.  Moreover, nothing in this Order shall be interpreted to

require disclosure of information subject to privacy protections as set forth in law or regulation,

including information that may need to be produced from outside of the United States and/or

may be subject to foreign laws.

    11.2.    When a Producing Party gives notice to Receiving Parties that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The Receiving Parties must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

12.    <u>DATA SECURITY</u>

12.1.    If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (1) determine the source, extent, or methodology of such Data Breach; (2) to recover or to protect Protected Materials; and/or (3) to satisfy Producing Party's legal, contractual, or other obligations.  For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (1) learns of a Data Breach, and (2) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach.  The notification obligations set forth in this Section do not run from the time of the Data Breach itself.

12.2.    Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was potentially impacted, underlying vulnerabilities or flaws that led to the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions

taken to contain, mitigate, or remediate the Data Breach.  For the avoidance of doubt, nothing in this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

12.3.   If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach.  Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

12.4.   In the event of a Data Breach affecting Protected Material of Designating Party, at Designating Party's request, Receiving Party within ten (10) business days shall provide a copy of its most recent ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach.

12.5.   Receiving Party shall comply with this Section and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law").  If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Section, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within ten (10) business days, bring the dispute to the Court.  The Party challenging the proposed practice would bear the burden of demonstrating a violation.

13.   <u>MISCELLANEOUS</u>

13.1.   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2.   <u>Right to Assert Other Objections</u>. Through this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item

on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3.   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.4.   <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

13.5.   <u>Discovery Rules Remain Unchanged</u>. Except as expressly provided for herein, nothing in this Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern California or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern California, or the Court's own orders.

14.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material at the option of the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms that all such Protected Material has been returned to the Producing Party or destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO ORDERED.

DATED: _____May 1, 2023_____     _____

United States ~~District~~ Judge
Honorable Thomas S. Hixson, United States Magistrate Judge

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Almeida v. Apple Inc.*, Civil Action NO. 3:21-CV-07109-VC. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Name of Individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

Date: _____

_____
[Signature]

**EXHIBIT A-1**

**EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, declare:

1.      I reside at _____

2.      I have read the Protective Order Regarding The Disclosure and Use of Discovery Material ("Order") in *Almeida v. Apple Inc.*, Civil Action No. 3:21-CV-07109-VC, pending in the Northern District of California.

3.      I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4.      I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Confidential information obtained pursuant to the Order.

5.      By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality. I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

6.      By signing below, I hereby confirm that I am not currently and do not currently anticipate becoming an officer, director, or employee of, providing any form of consulting services to, or becoming involved in any competitive decision-making on behalf of any competitor of any Party with respect to the subject matter of this suit (including any product or design specifications). I further agree that: (1) during the pendency of these proceedings I shall

not accept any position as an employee, officer, or director of any competitor of any Party; (2) for the two years following the close of expert discovery or during the pendency of these proceedings, whichever is shorter, I shall not consult with, or provide services to any competitor of any Party; and (3) I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the Confidential information made available to me pursuant to the Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____

_____

Name:

Address:

# EXHIBIT  A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NESTOR ALMEIDA, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br>v.<br><br>APPLE INC.,<br><br>          Defendant. | Lead Case No. 3:21-cv-07109-VC<br><br>Consolidated with No. 3:21-cv-07112-VC<br><br>**[PROPOSED] AGREED PROTECTIVE ORDER REGARDING THE DISCLOSURE AND USE OF DISCOVERY MATERIALS**<br><br>Dept.:  Courtroom 4 – 17th Floor<br>Judge:  Honorable Vince Chhabria |
| DAPHNE PAREAS and DANIEL FRIEND, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br>v.<br><br>APPLE INC.,<br><br>          Defendant. | |
| ~~          Plaintiff,~~<br><br>~~     v.~~<br><br><br>~~          Defendant.~~ | ~~Case No.~~<br><br>~~MODEL STIPULATED PROTECTIVE ORDER (for standard litigation)~~ |

1.      ~~1.~~      PURPOSES AND LIMITATIONS

Plaintiffs and Defendant Apple Inc. ("Defendant," and collectively with Plaintiffs, the "Parties") anticipate that ~~D~~disclosure and discovery activity in this action are likely to involve

=

production of confidential, proprietary, trade secret, commercially sensitive, and/or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following ~~Stipulated~~ Protective Order. Regarding the Disclosure and Use of Discovery Materials ("Order" or "Protective Order") setting forth the conditions for treating, obtaining, and using such information. Pursuant to Paragraph 24 of the Court's Civil Standing Order, this proposed Order is based on the standard model order for the Northern District; attached hereto as Exhibit A is a redline indicating where this Order deviates from the Northern District's model order.

      The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 1~~2~~3.3, below, that this ~~Stipulated~~ Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. Protected Material designated under the terms of this Protective Order shall be used solely by a Receiving Party for this case, and shall not be used directly or indirectly for any other purpose whatsoever.

2.   ~~2.~~     DEFINITIONS

    2.1.   ~~2.1~~    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2.   ~~2.2~~    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3.   ~~2.3~~    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4.   2.4   Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5.   2.5   Disclosure or Discovery Material: all items or information, including from any Non-Party, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6.   2.6   Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is: (a) not a past or current officer, director, or employee of a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a competitor of a Party; and (b) not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a competitor of a Party.

2.7.   2.7   House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8.   2.8   Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9.   2.9   Outside Counsel of Record (~~attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party~~(i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

2.10.   2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained ~~e~~Experts, and Outside Counsel of Record (and their support staffs). "Party," however, does not include any members of the putative class(es) other than the named plaintiffs in this action (Daniel Friend, Daphne Pareas, Scott Seveland, Patrice Sherman,

Nestor Almeida, Magdala Casimir, Adelina Lavecchia, Dan Henderson, Maritza Angeles, Tim Inselmann, William West-Davis, Patricia Medberry, and Azara Colindrez). Should additional pleadings naming additional individuals as named plaintiffs be filed, such individually named plaintiffs will also be included within the definition of "Party" for purposes of this Order.

2.11. ~~2.11~~   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12. ~~2.12~~   Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13. ~~2.13~~   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL~~.~~" as provided for in this Order. Protected Material shall not include: (i) advertising materials that have been published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

2.14. ~~2.14~~   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. ~~3.~~   SCOPE

The protections conferred by this ~~Stipulation and~~ Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel in court or in other settings that might reveal Protected Material.

However, the protections conferred by this ~~Stipulation and~~ Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving

Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

In addition, nothing in this Order shall (i) prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Party from showing Protected Material to an individual who prepared the Protected Material; (ii) be construed to prejudice any Party's right to use any Protected Material in court or in any court filing with the consent of the Producing Party or by order of the Court; (iii) be construed to alter the legal burden of proof or persuasion under applicable law in a motion brought by any Party related to discovery, confidentiality of Protected Material, or the interpretation of this Order, consistent with the section of this Order entitled "Challenging Confidentiality Designations."

This Order is entered without prejudice to the right of any Party to seek further or additional protection of any Discovery Material or to modify this Order in any way, including, without limitation, an order that certain matter not be produced at all. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. For a period of six (6) months after final disposition of this litigation, the Court shall retain jurisdiction to enforce the terms of this Order.

5.      5.      DESIGNATING PROTECTED MATERIAL

5.1.   ~~5.1~~   Exercise of Restraint and Care in Designating Material for Protection.
Each Party or Non-Party that designates information or items for protection under this Order
must take care to limit any such designation to specific material that qualifies under the
appropriate standards. The Designating Party must designate for protection only those parts of
material, documents, items, or oral or written communications that qualify – so that other
portions of the material, documents, items, or communications for which protection is not
warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are
shown to be clearly unjustified or that have been made for an improper purpose (e.g., to
unnecessarily encumber or retard the case development process or to impose unnecessary
expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated
for protection do not qualify for protection, that Designating Party must promptly notify all other
Parties that it is withdrawing the mistaken designation.

5.2.   ~~5.2~~   Manner and Timing of Designations. Except as otherwise provided in this
Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or
ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be
clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but
excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing
Party affix the legend "CONFIDENTIAL" to each page that contains protected material. ~~If only
a portion or portions of the material on a page qualifies for protection, the Producing Party also
must clearly identify the protected portion(s) (e.g., by making appropriate markings in the
margins).~~

A Party or Non-Party that makes original documents or materials available for inspection
need not designate them for protection until after the inspecting Party has indicated which

material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(b) for native files: Where electronic files and documents are produced in native electronic format, such electronic files and documents shall be designated for protection under this Order by appending to the file names or designators or metadata information indicating whether the file contains "CONFIDENTIAL" material, or shall use any other reasonable method for so designating Protected Materials produced in electronic format. When electronic files or documents are printed for use at deposition or in a court proceeding, the party printing the electronic files or documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file.  If, during any deposition, a party asks questions regarding a .tiff, .pdf, or other image format version of a document produced in native file format, the other party may object on the record to the authenticity of the image.  After the deposition, if the other party discovers that the image does not accurately reflect the information contained in the native file, that party shall notify the questioning party of the discrepancy between the image and native files, and the Parties shall meet and confer in good faith to confirm the existence of the discrepancy.  If any discrepancy exists between the image and native file, the line of questioning concerning the image shall be inadmissible for all purposes, including impeachment.  If the

image accurately reflects the information contained in the native file, no further action shall be taken.  No Party shall seek to use at trial in this litigation a .tiff, .pdf, or other image format version of a document produced in native file format without first providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered.  However, a party seeking to use a native file as an attachment or exhibit to a motion or other court filing need not first provide a copy of the image format version to the Producing Party for inspection.

(c) for depositions and testimony, that the Designating Party identify on the record at the time the testimony is given or by sending written notice of how portions of the transcript of the testimony is designated within thirty (30) days of receipt of the transcript of the testimony.  If no indication on the record is made, all information disclosed during a deposition shall be deemed "CONFIDENTIAL" until the time within which it may be appropriately designated as provided for herein has passed.  Any Party that wishes to disclose the transcript, or information contained therein, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as confidential must designate the confidential portions within fourteen (14) days, or else the transcript may be treated as non- confidential.  Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material.  In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent,

deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(ed) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3.   5.3   Inadvertent Failures to Designate. If timely corrected within thirty (30) days of discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   6.1   Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   6.2   Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to

resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain with particularity the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.   6.3   Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge or the challenge is withdrawn in writing.

7.    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

    7.1.    7.1    (a) Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation, and may not use such Protected Material for any other purpose, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

    (b) Secure Storage: Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

    (c) Legal Advice Based on Protected Material: Nothing in this Order shall be construed to prevent counsel from advising their clients with respect to this case based in whole or in part upon Protected Material, provided counsel does not disclose the Protected Material itself except as provided in this Order.

    (d) Limitations: Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Material. Nothing in this Order shall restrict in any way the use or disclosure of Discovery Material by a Receiving Party: (i) that is or has become publicly known through no fault of the Receiving Party; (ii) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (iii) previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without

an obligation of confidentiality and not by inadvertence or mistake; (iv) with the consent of the Producing Party; or (v) pursuant to order of the Court.

7.2.     Disclosure of "CONFIDENTIAL" Information or Items. A Producing Party may designate Discovery Material as "CONFIDENTIAL" if it contains or reflects confidential, proprietary, and/or commercially sensitive information, including but not limited to trade secrets, pricing information, financial data, sales information, sales or marketing forecasts, business plans, sales or marketing strategy, product development information, engineering documents, testing documents, employee information, and other non-public information of similar competitive and business sensitivity.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);, provided the disclosure is only to the extent necessary to perform such work; and provided that: (i) such expert has agreed to be bound by the provisions of the Protective Order by signing a copy of Exhibit A-1, as set forth in Section 7.3 *infra*; and (ii) such expert accesses the materials in the United States only, and does not transport them to or access them from any foreign (*i.e.*, outside the United States) jurisdiction (unless such material originated from or are produced from any such foreign jurisdiction; moreover, the

Parties agree to meet and confer over potential alterations to this Protective Order as reasonably necessary to enable the parties to take testimony on technical matters in a foreign jurisdiction);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, ~~mock jurors,~~ and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this ~~Stipulated~~ Protective Order~~.~~;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information~~.~~;

(h) any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain the confidentiality to the same degree as required by this order; and

(i) any other person with the prior written consent of the Producing Party.

7.3.    Procedure for Disclosure of "CONFIDENTIAL" Information or Items to Experts: Before any "CONFIDENTIAL" information, or substance or summary thereof, shall be disclosed to an Expert, the Expert shall sign and abide by the terms of the "Expert/Consultant Acknowledge of Confidentiality and Agreement to be Bound by Protective Order," attached as Exhibit A-1, confirming that he or she is not presently employed by, or providing any form of consulting services to, any competitor of any Party, and that he or she will not accept employment with, consult with, or provide services to, any competitor of any Party during the pendency of these proceedings. An Expert may make an application to the Court with advance notice and based upon a showing of good cause for modification of, or relief from, the

obligations of Expert/Consultant Acknowledgment of Confidentiality and Agreement to Be Bound by Protective Order (Exhibit A-1) prior to the review of any "CONFIDENTIAL" information.

8.      8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-

Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the ~~Stipulated~~ Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     ~~10.~~     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this ~~Stipulated~~ Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.   ~~11.~~   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

   11.1.   Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production by a Party of Discovery Material subject to the attorney-client privilege, work product doctrine, or any other applicable privilege or protection, despite the Producing Party's reasonable efforts to pre-screen such Discovery Material prior to production, will not waive the applicable privilege and/or protection in this case or in any other federal or state proceeding.  For example, the mere production of a privileged or work product protected document in this case as part of a production is not itself a waiver.  Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work product doctrine, or any other applicable privilege or immunity.  The Parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and electronically stored information.  Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States and/or may be subject to foreign laws.

   11.2.   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). ~~This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.~~ ~~Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or~~

~~work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.~~The Receiving Parties must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The Producing Party must preserve the information until the claim is resolved.

12.     DATA SECURITY

12.1.     If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Materials or devices containing Protected Materials ("Data Breach"), Receiving Party shall promptly, and in no case later than 48 hours after learning of the Data Breach, notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (1) determine the source, extent, or methodology of such Data Breach; (2) to recover or to protect Protected Materials; and/or (3) to satisfy Producing Party's legal, contractual, or other obligations.  For the avoidance of doubt, notification obligations under this Section arise when the Receiving Party both (1) learns of a Data Breach, and (2) learns that any of the Producing Party's Protected Materials are potentially subject to the Data Breach.  The notification obligations set forth in this Section do not run from the time of the Data Breach itself.

12.2.     Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access. Receiving Party shall promptly provide any information that is reasonably requested by Producing Party and that relates to any such Data Breach, including but not limited to, the Protected Material that was potentially impacted, underlying vulnerabilities or flaws that led to the Data Breach, start or end date of the Data Breach, date of discovery, and specific actions taken to contain, mitigate, or remediate the Data Breach.  For the avoidance of doubt, nothing in

this Section is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

12.3.    If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action, potentially including but not limited to (1) additional security measures to protect Discovery Material; (2) a stay or extension of discovery pending investigation of a Data Breach and/or implementation of additional security measures; and (3) a sworn assurance that Discovery Materials will be handled in the future only by entities not impacted by the Data Breach.  Further, the Receiving Party shall submit to reasonable discovery concerning the Data Breach.

12.4.    In the event of a Data Breach affecting Protected Material of Designating Party, at Designating Party's request, Receiving Party within ten (10) business days shall provide a copy of its most recent ISMS policies and procedures that relate to the safeguarding of Protected Materials and that preceded the Data Breach.

12.5.    Receiving Party shall comply with this Section and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law").  If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Section, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within ten (10) business days, bring the dispute to the Court.  The Party challenging the proposed practice would bear the burden of demonstrating a violation.

13.    ~~12.~~    MISCELLANEOUS

13.1.    ~~12.1~~    **Right to Further Relief**. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2.    ~~12.2~~    **Right to Assert Other Objections**. ~~By stipulating to the entry of~~Through this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this ~~Stipulated~~ Protective

Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**13.3.** ~~12.3~~ <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**13.4.** <u>Modification by Court.</u> This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice. The United States District Court for the Northern District of California is responsible for the interpretation and enforcement of this Order. All disputes concerning protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern District of California.

**13.5.** <u>Discovery Rules Remain Unchanged.</u> Except as expressly provided for herein, nothing in this Order shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern California or the Court's own orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for Northern California, or the Court's own orders.

**14.** ~~13.~~ <u>FINAL DISPOSITION</u>

19

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material at the option of the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the affirms that all such Protected Material that whas been returned to the Producing Party or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


DATED: _____   _____
                                        Attorney for Plaintiff

DATED: _____   _____
                                        Attorney for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _____   _____
                                    United States District/Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], acknowledge and declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ [insert formal name of the case and the number and initials assigned to it by the court] *Almeida v. Apple Inc.*, Civil Action No. 3:21-cv-07109-VC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit consent to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Name of Individual: _____

Present occupation/job description: _____

_____

_____

Name of Company or Firm: _____

Address: _____

21

Date: _____

_____

[Signature]

**EXHIBIT A-1**

**EXPERT/CONSULTANT ACKNOWLEDGMENT OF CONFIDENTIALITY AND**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I,_____, declare:

1.      I reside at _____

2.      I have read the Protective Order Regarding The Disclosure and Use of Discovery Material ("Order") in *Almeida v. Apple Inc.*, Civil Action No. 3:21-cv-07109-VC, pending in the Northern District of California.

3.      I am familiar with the contents of the Order and agree to comply and be bound by the provisions thereof.

4.      I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purposes of this litigation and only as expressly permitted by the terms of the Order, any Confidential information obtained pursuant to the Order.

5.      By signing below, I hereby agree to submit to the jurisdiction of the United States District Court for the Northern District of California for resolving any and all disputes regarding the Order and this Acknowledgment of Confidentiality. I further agree that any and all disputes regarding the Order and this Acknowledgment of Confidentiality shall be governed by the laws of the State of California, and that the district court for the Northern District of California shall be the sole and exclusive venue for resolving any disputes arising from the Order and this Acknowledgment of Confidentiality.

6.      By signing below, I hereby confirm that I am not currently and do not currently anticipate becoming an officer, director, or employee of, providing any form of consulting services to, or becoming involved in any competitive decision-making on behalf of any competitor of any Party with respect to the subject matter of this suit (including any product or design specifications). I further agree that: (1) during the pendency of these proceedings I shall

not accept any position as an employee, officer, or director of any competitor of any Party; (2) for the two years following the close of expert discovery or during the pendency of these proceedings, whichever is shorter, I shall not consult with, or provide services to any competitor of any Party; and (3) I shall not at any time, either during the pendency of these proceedings or after conclusion of these proceedings, use or divulge any of the Confidential information made available to me pursuant to the Order.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:Executed on _____ at _____

City and State where sworn and signed: _____

Printed name: _____

_____

Name:

Address:

Signature: _____

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 4/13/2023 11:07:39 AM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** CAND_StandardProtOrd.Feb2022.docx | |
| **Modified filename:** Almeida - Protective Order.DOCX | |
| **Changes:** | |
| Add | 143 |
| Delete | 93 |
| Move From | 3 |
| Move To | 3 |
| Table Insert | 1 |
| Table Delete | 1 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 244 |